# United States District Court
# District of Massachusetts

JACK E. HENDERSON, JR.,
    Plaintiff,

    v.                               CIVIL ACTION NO. 12-10410-PBS

DR. CONRAD H. BENOIT,
DR. PHILLIP DOMBROWSKI,
STACEY LEAFSONG,
ROBERT A. BROWN, ESQ.,
MASSACHUSETTS APPEALS COURT,
MASSACHUSETTS PROBATE AND FAMILY COURT,
    Defendants.

*REPORT AND RECOMMENDATION ON DEFENDANT ROBERT A. BROWN'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM (#10), MOTION TO DISMISS OF DEFENDANTS CONRAD H. BENOIT, D.O. AND PHILIP DOMBROWSKI, M.D. (#12), AND STATE DEFENDANTS' MOTION TO DISMISS COMPLAINT (#19)*

COLLINGS, U.S.M.J.

## *I. Introduction*

Plaintiff, Jack E. Henderson, Jr. ("Henderson"), proceeding *pro se*[1], has filed suit against Conrad H. Benoit, D.O. ("Benoit"), Phillip Dombrowski, M.D. ("Dombrowski"), Stacey Leafsong ("Leafsong"), Robert A. Brown, Esq. ("Brown"), the Massachusetts Appeals Court, and the Massachusetts Probate and Family Court (together, the "State defendants") alleging that the defendants have engaged in a "pattern of prejudice" against him. Such prejudice, Henderson claims, is evidenced by the manner in which the defendants disposed of certain court actions, and amounts to a deprivation of his constitutional rights of equal protection and due process. The plaintiff brings this action essentially seeking to have certain Massachusetts state court decisions reversed and/or vacated.

On April 10, 2012, defendants Benoit and Dombrowski together, and defendant Brown separately, filed motions to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, or, alternatively Fed. R. Civ. P. 12(b)(6) for failure to state a claim (## 10, 12),

---

[1] Plaintiff is an attorney, having graduated from Yale Law School in 1966. (#1, Exh. R)

together with supporting memoranda. (## 11, 13) On May 2, 2012, the State defendants filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction (#19), together with a memorandum in support. (#20) Henderson opposes the various dispositive motions, and has filed memoranda in opposition to each. (##17, 22, 23, 24) With the record complete, the motions to dismiss are poised for resolution.[2]

## II. Background

The facts of this case, taken in the light most favorable to the plaintiff, are as follows. On or about February 22, 2008, Henderson filed separate medical malpractice complaints against defendants Benoit[3] and Dombrowski[4] in the Superior Court of Barnstable County. (#1 ¶¶ 7.1, 7.2 and Exh. B) On July 30, 2008, the state court dismissed both complaints without prejudice consequent to Henderson's failure properly to serve the defendants within 90 days of filing the complaints pursuant to Mass. R. Civ. P. 4 and Massachusetts Superior Court

---

[2] Defendant Leafsong has yet to file an answer or any motions in response to Henderson's complaint.

[3] *Henderson v. Benoit*, Barnstable Superior Court Civil Action No. 2008-00158.

[4] *Henderson v. Dombrowski*, Barnstable Superior Court Civil Action No. 2008-00159.

Standing Order 1-88. (#1 ¶ 7.6 and Exh. C)  In December 2009, Henderson moved to vacate the dismissals, which the state court allowed. (#1 ¶ 7.7 and Exh. D-F)

In March 2010, Benoit and Dombrowski each filed a Motion for Reconsideration of the [State] Court's Orders Vacating the Dismissals. (#1 ¶ 7.8; #13-1 at 5[5], #13-2 at 5)  Their motions sought reinstatement of the July

---

[5]

The exhibits submitted by the defendants may be considered whether deciding the motions under Rule 12(b)(1) or 12(b)(6).  As the First Circuit has explained:

> 'Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint; if matters outside the pleadings are considered, the motion must be decided under the more stringent standards applicable to a Rule 56 motion for summary judgment.' *Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc.*, 524 F.3d 315, 321 (1st Cir. 2008); *see also* Fed. R. Civ. P. 12(d) ('If, on a motion under Rule 12(b)(6) ..., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.'). We have recognized an exception to this rule 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint,' which courts may properly consider on 12(b)(6) motions. *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001) (quotation marks and citation omitted).

*Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10, 15 (1 Cir., 2009); *Gargano v. Liberty International Underwriters, Inc.*, 572 F.3d 45, 47 n.1 (1 Cir., 2009).

The state court documents submitted by the defendants fall within the articulated exception. *Giragosian v. Ryan,* 547 F.3d 59, 66 (1 Cir., 2008)("A court may consider matters of public record in resolving a Rule 12(b)(6) motion to dismiss.  Matters of public record ordinarily include documents from prior state court adjudications." (internal citations and quotation marks omitted)), *cert. denied,* 129 S. Ct. 2020 (2009); *Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.*, 547 F.3d 48, 51 (1 Cir., 2008)("[W]here the motion to dismiss is premised on a defense of res judicata - as is true in the case at hand - the court may take into account the record in the original action.").  These state court documents may properly be considered without converting the motions to dismiss into motions for summary judgment.

2008 dismissals on the grounds that Henderson's December 2009 Motion to Vacate was untimely under Mass. R. Civ. P. 60(b), as it was filed over 17 months after the original dismissals. (#1 ¶ 7.8; #13 ¶ 7)  On May 19, 2010, after a hearing on the matter, the state court allowed the Benoit and Dombrowski motions, and reinstated the July 2008 dismissals. (#1 ¶ 7.8; #13 ¶ 8, #13-1 at 5; #13-2 at 5; #20 at 3)

In August 2010, Henderson appealed the reinstatements to the Massachusetts Appeals Court.[6] (#1 ¶ 8.1 and Exh. G-H; #13-1 at 6; #13-2 at 5-6; #13-3 at 1)  The appeals were consolidated, and on June 15, 2011 the Appeals Court affirmed the Superior Court's decisions.[7] (#1 ¶ 8.3 and Exh. I)  On July 18, 2011, the Superior Court of Barnstable County entered a Judgment After Rescript, dismissing both the Benoit and Dombrowski cases.  (#1 ¶ 8.5 and Exh. K)  In August, 2011, Henderson filed an Application For Leave to Obtain Further Appellate Review in the Massachusetts Supreme Judicial Court.  (#1 ¶ 8.7 and Exh. L; #13-4 at 1)  On September 9, 2011, the SJC denied

---

[6] *Henderson v. Benoit*, Massachusetts Appeals Court, No. 2010-P-1346;  *Henderson v. Dombrowski*, Massachusetts Appeals Court, No. 2010-P-1347.

[7] See *Henderson v. Benoit*, 79 Mass. App. Ct. 1125, 948 N.E.2d 918 (Table), 2011 WL 2342612 (Mass. App. Ct., June 15, 2011).

Henderson's application.[8] (#1 ¶ 8.7 and Exh. L; #13-4 at 1) The plaintiff petitioned for reconsideration which petition was denied on November 4, 2011. (#1 ¶ 8.7 and Exh. L; #13-4 at 1)

In a separate line of cases unrelated to the above, now-defendant Leafsong (Henderson's putative daughter) filed suit against Henderson on February 4, 2009 in the Massachusetts Probate and Family Court Barnstable Division.[9] (#1 ¶ 10.1 and Exh. M; #11, Exh. 1) The suit pertained to the administration of The Jack E. Henderson and Dorothy M. Henderson Trust of 1993. (#1 ¶ 10.1; #11, Exh. 1 at 1) Leafsong sought to nullify Henderson's self-appointment as successor trustee of the trust and to restrain his access to the trust funds. (#11, Exh. 1 at 2) After a hearing on the matter, on September 17, 2009, the state court entered a judgment, as per the agreement of the parties, appointing now-defendant Brown as successor trustee of the trust, and authorizing Brown to distribute $10,437.50 of trust money to pay lawyers' fees. (#1 ¶ 10.4; #11, Exh. 2)

---

[8] See *Henderson v. Benoit*, 460 Mass. 1113, 953 N.E.2d 720 (2011) (Table).

[9] *Leafsong v. Henderson*, Massachusetts Probate and Family Court Docket No. BA09E0010QC.

On or about May 5, 2011, Henderson filed suit against Brown in Barnstable Superior Court seeking the removal of Brown and the appointment of Ben Tribken as successor trustee, as well as reimbursement of the disbursed lawyers' fees to the trust by Brown and Leafsong.[10] (#11, Exh. 3)  On August 16, 2011, the Superior Court dismissed the case because it lacked the authority to review and/or vacate Probate and Family Court judgments, and on August 22, 2011, a judgment entered to that effect. (#11, Exh. 4-5)

On or about December 2, 2011, Henderson once more filed suit against Brown, this time in the Massachusetts Probate and Family Court Barnstable Division.[11] (#1 ¶ 12.1 and Exh. P; #11, Exh. 6)  Again, Henderson sought the removal of Brown and appointment of Ben Tribken as successor trustee, as well as the reimbursement of disbursed funds from the trust by Brown and Leafsong. (#1 ¶ 12.1 and Exh. P; #11, Exh. 6 at 5)  On January 19, 2012, after hearing, the state court dismissed the action without prejudice.  (#1 ¶ 12.4; #11, Exh. 7)

---

[10] *Henderson v. Brown*, Barnstable Superior Court Civil Action No. 2011-00276.

[11] *Henderson v. Brown*, Massachusetts Probate and Family Court Docket No. BA11E0080QC.

On March 2, 2012, Henderson instituted the present action. By way of relief, the plaintiff seeks reversal of the unfavorable June 2011 Massachusetts Appeals Court decision, and a declaration by this Court that the September 2009 Barnstable Probate and Family Court decision and the appointment of Brown as successor trustee is null and void, that Ben Tribken be appointed as trustee of the trust, and that Brown be ordered to reimburse the trust the funds disbursed for attorney's fees as ordered by the Barnstable Probate and Family Court. (#1 at 22-23) Alternatively, Henderson requests an award of damages on his medical malpractice claims. (#1 at 22) The defendants, with the exception of Leafsong, have moved to dismiss for lack of subject matter jurisdiction or for failure to state a claim.

### III. The Standard of Review

Pursuant to Rule 12(b)(1), Fed. R. Civ. P., a defendant may move to dismiss an action based on lack of federal subject matter jurisdiction. Because federal courts are considered courts of limited jurisdiction, "[t]he existence of subject-matter jurisdiction 'is never presumed.'" *Fafel v. Dipaola*, 399 F.3d 403, 410 (1 Cir., 2005)(quoting *Viqueira v. First Bank,* 140 F.3d 12, 16 (1 Cir., 1998)). Rather, "'the party invoking the jurisdiction of a federal court carries

the burden of proving its existence.'" *Murphy v. United States,* 45 F.3d 520, 522 (1 Cir.) (quoting *Taber Partners, I v. Merit Builders, Inc.,* 987 F.2d 57, 60 (1 Cir.), *cert. denied,* 510 U.S. 823 (1993)), *cert. denied,* 515 U.S. 1144 (1995); *Johansen v. U.S.,* 506 F.3d 65, 68 (1 Cir., 2007). Once a defendant challenges the jurisdictional basis for a claim under Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction. *Thomson v. Gaskill,* 315 U.S. 442, 446 (1942); *Johansen,* 506 F.3d at 68.

In ruling on a motion to dismiss for lack of jurisdiction, it is incumbent upon the court to "'credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor.'" *Sanchez ex rel. D.R.-S. v. U.S.,* 671 F.3d 86, 92 (1 Cir., 2012)(quoting *Merlonghi v. United States,* 620 F.3d 50, 54 (1 Cir., 2010))(Petition for Cert. filed, 81 U.S.L.W. 3130 (Sept. 13, 2012)(No. 12-335, 12A96). The First Circuit has recently explained the principles at play in the well-pled complaint rule:

> In resolving a motion to dismiss, a court should employ a two-pronged approach. It should begin by identifying and disregarding statements in the complaint that merely offer legal conclusion[s] couched as ... fact or [t]hreadbare recitals of the elements of a cause of action. A plaintiff is not entitled to proceed perforce by virtue of allegations that merely

parrot the elements of the cause of action. Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible. If that factual content, so taken, allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, the claim has facial plausibility. The make-or-break standard ... is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief.

Although evaluating the plausibility of a legal claim requires the reviewing court to draw on its judicial experience and common sense, the court may not disregard properly pled factual allegations, even if it strikes a savvy judge that actual proof of those facts is improbable. Nor may a court attempt to forecast a plaintiff's likelihood of success on the merits; a well-pleaded complaint may proceed even if ... a recovery is very remote and unlikely. The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint.

*Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12-13 (1 Cir., 2011)(internal citations, parentheticals and quotation marks omitted).

Further, the "court may also 'consider whatever evidence has been submitted, such as the depositions and exhibits submitted.'" *Merlonghi v. United States*, 620 F.3d 50, 54 (1 Cir., 2010)(quoting *Aversa v. United States,* 99 F.3d 1200, 1210 (1 Cir., 1996)); *Carroll v. U.S.*, 661 F.3d 87, 94 (1 Cir., 2011)("In evaluating a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction,

we construe plaintiffs' complaint liberally and ordinarily may consider whatever evidence has been submitted, such as ... depositions and exhibits." (internal citation and quotation marks omitted)). That being said, a plaintiff cannot assert a proper jurisdictional basis "merely on 'unsupported conclusions or interpretations of law.'" *Murphy*, 45 F.3d at 522 (quoting *Washington Legal Foundation v. Massachusetts Bar Foundation*, 993 F.2d 962, 971 (1 Cir., 1993); *Johansen*, 506 F.3d at 68.

### *IV. Discussion*

Defendants have moved to dismiss claiming this Court lacks jurisdiction under the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). In order to survive the motions, the plaintiff must show that his complaint constitutes something more than a state court loser seeking redress in the federal system. He has not. Henderson is seeking de facto review of his unsuccessful state court cases, albeit partially cloaked in federal constitutional claims.

*Rooker-Feldman* is a jurisdictional doctrine that "implicates the [federal] district court's subject-matter jurisdiction." *Silva v. Massachusetts*, 351 F. App'x 450, 454 (1 Cir., 2009). Application of the doctrine "is confined to ... cases

brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also In re American Bridge Products, Inc.,* 599 F.3d 1, 4 (1 Cir., 2010); *Davison v. Government of Puerto Rico-Puerto Rico Firefighters Corps.*, 471 F.3d 220, 223 (1 Cir., 2006) ("*Rooker-Feldman* squarely applies when a plaintiff insists that we [a federal Court of Appeals] must review and reject a final state court judgment."). However, "[i]f a federal plaintiff 'present[s] some *independent* claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'" *Exxon*, 544 U.S. at 293 (quoting *GASH Assocs. v. Rosemont*, 995 F.2d 726, 728 (7 Cir., 1993)) (second alteration in the original) (emphasis added).

This case presents a fairly straightforward application of the *Rooker-Feldman* doctrine. It is undisputed that Henderson is a state-court loser. In fact, the majority of his complaint is devoted to describing those losses in great detail. Additionally, from the complaint itself, it is undeniable that the plaintiff

is explicitly inviting review of state court decisions. Henderson asks the Court to "reverse the decisions of the Court of Appeals"[12] and "declare the case and appointment of Robert A. Brown... to be null and void...". (#1 at 22-23)

Thus, under the post-*Exxon* test for application the *Rooker-Feldman* doctrine, the only issues left before the Court are whether the state proceedings were sufficiently final, and whether the injuries of which the plaintiff complains were caused by the state court judgments. The Court addresses these issues below, seriatim.

*1. Were the state proceedings sufficiently final?*

The *Rooker-Feldman* doctrine applies only when the federal claim was filed after the state proceedings have ended. In *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico,* 410 F.3d 17, 24 (1 Cir., 2005), the First Circuit detailed what dispositions satisfy this requirement. Relevant here, the Court held that a case has ended "[1] when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved" or "[2] if the state action has reached a point where

---

[12] In his subsequent filings, the plaintiff asks the Court to "assume the role of the Massachusetts Superior Court in completing the medical malpractice proceedings" due to the alleged pervasive prejudice that continues in the Massachusetts courts. (#26)

neither party seeks further action... [f]or example... the losing party allows the time for appeal to expire." *Federacion*, 410 F.3d at 24 (numbering added).

The state court cases from which Henderson seeks redress fall within these categories. The first case, the June 2011 Massachusetts Appeals Court decision on the consolidated malpractice cases, was appealed to the Massachusetts Supreme Judicial Court, the highest state court from which review was available, which denied further appellate review. (#13-4 at 1) With nothing left to resolve, these proceedings were sufficiently final for purposes of applying the *Rooker-Feldman* doctrine. *See Federacion*, 410 F.3d at 24.

The January 19, 2012 dismissal in the Barnstable Probate and Family Court was not appealed. Under Massachusetts law, "[t]he procedure upon an appeal from an order, decree or denial of a probate court" is governed by the Massachusetts Rules of Appellate Procedure. Mass. Gen. L. 215, § 10. According to the Massachusetts Rules of Appellate Procedure, notice of an appeal in a civil case must be filed with the clerk of the lower court *within thirty days* of the date of entry of the judgment that is being appealed. Mass. R.A.P. 4 (emphasis added). In this instance, with the judgment of dismissal without prejudice in Docket No. BA11E0080QC having been entered by the Probate and Family

Court on January 19, 2012, the time within which an appeal could be filed expired on February 21, 2012.[13] Since Henderson, the losing party, "allow[ed] the time for appeal to expire" before he commenced this federal action on March 5, 2012, the Barnstable Probate and Family Court matter was sufficiently ended for purposes of applying the *Rooker-Feldman* doctrine. *See Federacion*, 410 F.3d at 24.

*B. Causation*

The issue of causation appears to be readily resolved by reference to the face of the complaint. The injuries of which Henderson complains, in most respects, are the state court judgments themselves. However, in his reply to the motions, Henderson makes a vain attempt to create an independent

---

[13] The Massachusetts Rules of Appellate Procedure provide:

> (a) Computation of Time. In computing any period of time prescribed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run shall not be included. The last day of the period shall be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period shall extend until the end of the next day which is not a Saturday, Sunday or a legal holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation. As used in this rule 'legal holiday' means those days specified in G. L. c. 4, § 7 and any other day appointed as a holiday by the President or the Congress of the United States or so designated by the laws of the Commonwealth.

Mass. R.A.P. 14(a).

constitutional issue by asserting that he "does not ask this Court to *review* the judgment of the [Massachusetts] Appeals Court, which is clearly wrongly decided. Rather, the Plaintiff's Complaint seeks the Court's concurrence that the demonstration of prejudice on the part of the participating members of the Appeals Court is correct." (#23 at 15)

Henderson tries to draw, in effect, a distinction without a difference, which, in similar circumstances, has been rejected by the First Circuit. In *Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps.*, the Court of Appeals was not persuaded by the argument that the plaintiff's due process claim could be considered independent of the purported injury caused by the state court judgment:

> [T]he only real injury to Plaintiffs is ultimately still caused by a state court judgment. Plaintiffs sought to challenge the PRFC's conduct and resultant order [as violative of their equal protection and due process rights], but the highest state court in Puerto Rico refused to hear the challenge.... The order was thus upheld, and this is the injury of which the Plaintiffs complain. To find for Plaintiffs now would require us to declare that the state court wrongly decided the Plaintiffs' claim. The *Rooker-Feldman* doctrine prevents us from doing this.

*Davison*, 471 F.3d at 223.

In this case, any constitutional violation would be predicated on a finding of prejudice by the courts themselves against Henderson.[14] A finding of prejudice could only be reached after a review of the state court decisions and a determination that they were wrongly decided.[15] The plaintiff's argument in unavailing:

> Despite [plaintiff's] efforts to create claims under 42 U.S.C. § 1983 against [the defendants], it is clear to the Court that his efforts are no more than an attempt at an end-around of the decisions rendered by the Probate Court. In effect, then, [the plaintiff] is asking this Court to sit in an appellate capacity over the decisions of a state court. This Court is, of course, not vested with that jurisdiction.

*Munroe v. McGee,* 478 F. Supp.2d 110, 119 (D. Mass., 2007).

Henderson also appears to argue that the *Rooker-Feldman* doctrine cannot be enforced because his malpractice claim has not reached the merits, or even proceeded past the pleading stage. He contends that as a result he has

---

[14] Henderson's complaint cannot be construed as an allegation against the general constitutionality of the Massachusetts court rules or procedures; rather, it is clearly a challenge to the manner in which he has been treated by the various courts in his individual cases. As such, Henderson's claim falls within the *Rooker-Feldman* doctrine. *See Feldman,* 460 U.S. at 482-3.

[15] As the *Davison* Court noted, "the proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment." *Davison,* 471 F.3d at 223 (citing *Davison v. Puerto Rico Firefighters Corps*, 415 F. Supp.2d 33, 40 n. 3 (D. P.R., 2006)).

effectively been denied his 'day in court' and the opportunity to be heard. The First Circuit has found such an argument to be unpersuasive:

> [T]o rule that Plaintiffs must be allowed a 'day in court' would be to say that the Puerto Rico Court of Appeals was wrong in holding that Plaintiffs' initial appeal of the PRFC order was untimely and that the highest court in Puerto Rico was wrong in denying Plaintiffs' challenge to the same order on the grounds of res judicata. *Rooker-Feldman* squarely applies when a plaintiff insists that we must review and reject a final state court judgment.

*Davidson*, 471 F.3d at 223.

In short, the *Rooker-Feldman* doctrine applies in this case. Having concluded that there is no subject matter jurisdiction over Henderson's claims, the Court need go no further.

### *IV. Recommendation*

For the reasons stated, I RECOMMEND that the Defendant Robert A. Brown's Motion To Dismiss For Lack Of Subject Matter Jurisdiction And Failure To State A Claim (#10), Motion To Dismiss Of Defendants Conrad H. Benoit, D.O. And Philip Dombrowski, M.D. (#12), and State Defendants' Motion To Dismiss Complaint (#19) be ALLOWED; that all other pending motions be found to be MOOT, and that Final Judgment enter dismissing the Complaint.

## *V. Review by the District Judge*

The parties are hereby advised that any party who objects to these recommendations must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603

(1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

November 6, 2012.