```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

JACK E. HENDERSON, JR.          )
        Plaintiff,           )
                              )   C.A. No. 12-10410-PBS
        v.                    )      App. No. 13-1104
                              )
DR. CONRAD H. BENOIT, et al.,   )
        Defendants.           )

**ORDER RE: Plaintiff's Motion to Correct the Civil Docket**

SARIS, C.J.

By Endorsed Order dated December 26, 2012, the undersigned adopted the November 6, 2012 Report and Recommendation of Magistrate Judge Collings and this action was dismissed.  See Docket No. 36.

On January 17, 2013, pro se plaintiff Jack E. Henderson, Jr., filed a notice of appeal.  See Docket No. 37.  The $455.00 filing fee was paid and the United States Court of Appeals for the First Circuit assigned the appeal case number 13-1104.  See Docket.

Now before the Court is Henderson's "Motion to Correct the Civil Docket for Case #:1-12-cv-10410-PBS; Number 13-1104."  See Docket No. 42.  In his motion, Henderson explains that his April 2, 2012 letter/request was entered on the docket [Docket No. 5] as a non-motion letter/request.  He seeks to have the Court change the docket entry to now reflect that the letter constituted a motion for "default judgment" as to defendant Leafsong [a.k.a. Leafsong Goldstein] and that defendant Leafsong be stricken from the record as a continuing party.

Generally, the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982); Spound v. Mohasco Industries, Inc., 534 F.2d 404, 411 (1st Cir. 1976) ("[A]fter the original appeal had been filed, the case remained in the district court only for procedures 'in aid of the appeal.'"); see 28 U.S.C. § 1291 (providing that "the courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts ....").

Here, plaintiff has filed an appeal of the dismissal of this action.  As such, the court lacks jurisdiction to address the plaintiff's request to correct the docket in a substantive manner.  The Court therefore denies plaintiff's Motion to Correct the Civil Docket (Docket No. 42) and declines further action on this case pending instructions from the Court of Appeals to the contrary.

Accordingly, Henderson's Motion (Docket No. 42) to Correct the Civil Docket is DENIED.  The Clerk shall transmit this Order to the First Circuit Court of Appeals.

SO ORDERED.

 June 13, 2013                    /s/ Patti B. Saris
DATE                              PATTI B. SARIS
                                  Chief, U.S. District Judge